THE STATE OF OHIO, APPELLEE, *v.* ZIMMERMAN, APPELLANT.

[Cite as State *v.* Zimmerman (1985), 18 Ohio St. 3d 43.]

(No. 84-1059—Decided June 26, 1985.)

44

*Joe R. Fodal,* for appellee.
*Dan D. Weiner,* for appellant.

DOUGLAS, J. The issue presented in this case is whether the prosecutor's comments on the accused's silence require the automatic reversal of the conviction.

It was improper for the prosecutor to comment on the accused's silence. *Griffin* v. *California* (1965), 380 U.S. 609, 615. However, the pros-

ecutor's improper comments do not require automatic reversal of the accused's conviction. The conviction must be affirmed if it is concluded, based on the whole record, that the prosecutor's improper comments were harmless beyond any reasonable doubt. *United States* v. *Hasting* (1983), 461 U.S. 499; cf. *State* v. *Smith* (1984), 14 Ohio St. 3d 13.

Therefore, the question we must ask is this: Absent the prosecutor's allusion to the failure of the accused to testify, is it clear, beyond any reasonable doubt, that the jury would have returned a verdict of guilty? *Hasting* at 510-511.

In the case at bar, the evidence against the appellant was overwhelming. An Ohio Highway Patrol officer testified that he observed appellant driving fifteen to twenty miles per hour over the speed limit and weaving from side-to-side in his lane of travel. When the officer stopped appellant, he saw a part-empty open bottle of beer in appellant's car. The officer smelled alcohol on appellant's person and, therefore, asked appellant to take three sobriety tests. Appellant failed all three tests and was then arrested. Appellant then submitted to an intoxilyzer test which showed he had a breath alcohol content of .17, well in excess of the legal limit.

Two other witnesses testified for the prosecution. They stated they were at a wedding reception with appellant and that he drove them home. Shortly thereafter, he was stopped by the Highway Patrol. Both witnesses testified that appellant had been drinking, that he was speeding and weaving while driving them home, and that in their opinion he was driving while under the influence of alcohol.

In light of this overwhelming evidence of guilt, we are satisifed beyond any reasonable doubt that the prosecutor's improper comments were harmless.

For the foregoing reason, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.