**State v. Dotson**
*[Cite as 8 AOA 568]*

*Case No. 90AP-261*
*Franklin County, (10th)*
*Decided November 6, 1990*

*Michael Miller, Prosecuting Attorney, Katherine J. Press and James V. Canepa, for Appellee.*

*James Kura, Public Defender, and Paul Skendelas, for Appellant.*

McCORMAC, J.
Defendant-appellant, Dallas Dotson, appeals his convictions in the Franklin County Court of Common Pleas for one count of corrupting of another with drugs, a violation of R.C. 2925.02, and one count of trafficking in drugs, a violation of R.C. 2925.03. Appellant's seven assignments of error are as follows:
"First Assignment of Error.
"THE TRIAL COURT ERRONEOUSLY DE-
NIED APPELLANT'S
MOTION FOR RELIEF FROM
PREJUDICIAL JOINDER.

"Second Assignment of Error.
"THE TRIAL COURT ERRED IN REFUS-
ING TO ALLOW THE INTRODUCTION OF ALIBI EVIDENCE OF THE CHARGE OF CORRUPTING A MINOR.

"Third Assignment of Error.
"APPELLANT WAS DENIED HIS RIGHT TO A FAIR TRIAL AS A RESULT OF PROSECUTORIAL MISCONDUCT.

"Fourth Assignment of Error.
"THE TRIAL COURT ERRED IN REFUS-
ING JURY INSTRUCTIONS WHICH WERE REQUESTED IN A TIMELY MANNER AND WHICH WERE PERTINENT TO THE DETERMINATION OF THE ISSUES BEFORE THE JURY.

"Fifth Assignment of Error.
"THE INTRODUCTION OF A POLICE 'MUG SHOT' OF APPELLANT FOR PUR-
POSES OF IDENTIFICATION WAS IM-
PROPER AND HIGHLY PREJUDICIAL.

"Sixth Assignment of Error.
"THE VERDICT OF THE TRIAL COURT WITH RESPECT TO THE CHARGE OF TRAFFICKING IN DRUGS WAS NOT SUPPORTED BY SUFFICIENT CREDIBLE EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE. THIS DEPRIVED APPELLANT OF A FAIR TRIAL AND DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.

"Seventh Assignment of Error.
"THE TRIAL COURT IMPROPERLY SEN-
TENCED APPELLANT TO AN INDEFI-
NITE TERM OF INCARCERATION FOR THE OFFENSE OF CORRUPTING AN-
OTHER WITH DRUGS IN VIOLATION OF R.C. 2925.02(C)(1)."
The charges against appellant arose from separate incidents which occurred in July 1988. The offense of corruption of another with drugs occurred on July 10, 1988, where-
on Pamela Willis, a minor, was taken to Mercy Hospital for treatment of an accidental drug overdose after being discovered with appellant at the Easy Sleep Hotel by her mother and stepbrother in a very intoxicated state. Pam testified at trial that, on July 10, 1988, she had gone with a friend to appel-

lant's hotel room for the purpose of obtaining drugs from him, that she spent the entire day with him, and that he supplied her with cocaine, acid and xanax, which led to her eventual overdose that evening.

The offense of trafficking in drugs arose from a separate incident which occurred on July 13, 1988. On that day, two narcotics officers from the Franklin County Sheriff's Department arranged their second purchase of cocaine from a teenager named Christina VanBarcune ("Tina"). The second transaction was typical of the first purchase in that the officers waited approximately fifteen minutes after meeting Tina before they actually acquired the cocaine. During the interim, there were two occasions when Tina's activities were not completely visible to the officers. Initially, the officers briefly lost site of Tina while they drove around the block to park their car, during which time Tina may have gone inside a nearby house. Shortly thereafter, Tina entered the passenger's side of a red Pontiac owned and driven by appellant, which had recently arrived at the scene. Since appellant parked his car across the street from the officers, they were unable to observe the events that took place inside the car. Three minutes later, Tina exited the car and immediately delivered the cocaine to the officers.

A single indictment was filed on September 23, 1988, charging appellant with one count of corruption of a minor with drugs based on the Pamela Willis incident, and one count of trafficking in drugs for his role in the drug sale to the sheriff's deputies. Appellant's first assignment of error is that the trial court erroneously denied appellant's pretrial motion for separate trials of the two charges. R.C. 2941.04 allows for joinder of two or more separate offenses in a single indictment. Crim. R. 8(A) specifies that the offenses must be of the same or similar character, based on the same acts or transaction, or part of a course of criminal conduct. Crim. R. 14 requires that the court order an election or separate trials if prejudice will result from joinder.

An appellant claiming error in the trial court's refusal to allow separate trials of multiple charges has the burden of affirmatively showing that his rights to a fair trial were prejudiced by the trial court's abuse of discretion in refusing to separate the charges

for trial. To prove abuse of discretion, appellant must demonstrate that he furnished the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial. *State v. Torres* (1981), 66 Ohio St. 2d 340, at 343. Therefore, in determining whether appellant has met his burden in proving prejudice, it is necessary to look at the evidence presented at the time of the motion.

Appellant asserts two claims of prejudice resulting from the trial court's denial of his pretrial motion for relief from prejudicial joinder. First, he maintains that the indictments were separate and not part of a continuing course of criminal conduct, as required by Crim. R. 8(A). Secondly, he maintains that joinder resulted in accumulation of the evidence which may have led the jury to convict him on both indictments.

In support of his motion, appellant presented the trial court with facts indicating that the offenses occurred on separate dates, involved separate victims, and were not transactionally related because they were separately investigated by the Columbus Police Department and the Franklin County Sheriff's Department. The prosecutor, however, represented that the evidence would show that the two charges arose from an ongoing cooperative investigation by the two agencies. There was no argument regarding the sufficiency or admissibility of the evidence for the separate charges which would have led the trial judge to conclude at pretrial that appellant would be prejudiced by a single trial. Therefore, the trial court was justified in finding that the two charges were similar drug offenses arising from a continuing investigation of appellant's criminal conduct, and that the economic considerations favoring joinder outweighed any claim of prejudice to appellant's right to a fair trial. Furthermore, the evidence actually presented was uncomplicated, capable of segregation on the different charges, and sufficient to sustain a guilty verdict on each count whether or not the court conducted separate trials. Hence, there is no support for finding that the trial court abused its discretion in denying appellant's motion for separate trials.

Appellant's first assignment of error is overruled.

Appellant makes two arguments in support of his second assignment of error in

which he contends that the trial judge's refusal of Robin Bowshier's alibi witness testimony to refute the charge of corruption of a minor with drugs was reversible error. The court disallowed the alibi evidence because appellant failed to comply with Crim. R. 12.1, which permits the exclusion of alibi witness testimony when a defendant has failed to file a written notice of the proposed evidence at least seven days before trial, unless the court determines that the proffered testimony is necessary to preserve the interests of justice.

Appellant concedes that he failed to comply with the written notice requirement of Crim. R. 12.1, but argues that he should have been excused from its mandate because the prosecutor failed to disclose the existence of the alibi evidence pursuant to Crim. R. 16(B)(2)(f). The record reveals that Robin Bowshier telephoned defense counsel eleven days before trial to report that she told Columbus Police Detective and prosecution witness, Cathy L. Jester, during a police interview in July 1988, that appellant was in her company, rather than at the Easy Sleep Hotel, on July 10, 1988 through July 11, 1988. Appellant contends that this alibi evidence was never provided the defense in discovery and that Robin Bowshier's name never appeared on any witness list. Therefore, appellant argues that he was unable to comply with Crim. R. 12.1.

When a defendant raises a claim that the prosecution failed to disclose exculpatory evidence relevant to the defendant's defense, the issue on appellate review is whether the suppression of the evidence by the prosecution resulted in a deprivation of appellant's due process rights to a fair trial. Since the requirements of Crim, R. 16(B) and due process, as interpreted by the Ohio Supreme Court in *State v. Johnston* (1988), 39 Ohio St. 3d 48, at 60, are identical, violations of both occur when the evidence which was allegedly withheld by the prosecution was material either to guilt or to punishment, irrespective of good faith or bad faith of the prosecution. Evidence shall be deemed material only if there is a reasonable probability, which is a probability sufficient to undermine the confidence of the outcome, that had the evidence been disclosed to the defense the result of the proceeding would have been different. *Id.* at 61.

. The record contradicts appellant's assertions of prosecutorial violations of the criminal discovery rules. Detective Jester repeatedly told the prosecutor and she testified that she never interviewed Robin Bowshier regarding the Pamela Willis incident of July 10, 1988. The recordation of Robin Browshier's name in Detective Jester's notes, without an accompanying address, phone number, or social security number, was in reference to a separate alleged crime. The detective's notes were void of any information connecting Robin Bowshier to appellant. Hence, there was nothing to disclose to appellant except the name "Robin Bowshier." There was no evidence of a reasonable possibility that the outcome of the trial would have been different had Robin Bowshier's name been disclosed to appellant any time between July 1988 and the commencement of the trial. The name was, therefore, not material to appellant's innocence. The trial court was correct in finding no violation of either Crim. R. 16(B) or due process.

Since appellant cannot base his failure to comply with Crim. R. 12.1 on allegations of prosecutorial violations of Crim. R. 16, the issue is whether it was an abuse of discretion for the trial court to exclude the alibi testimony of which appellant verbally informed the prosecutor seven days before trial, but which appellant did not formally file notice thereof. Although the Ohio Supreme Court has repeatedly adhered to a liberal construction of Crim. R. 12.1 and held, in *State v. Smith* (1985), 17 Ohio St, 3d 98, that the seven-day requirement shall not be applied to automatically exclude untimely alibi testimony, it has not ruled on the proper weight to be accorded the written notice requirement.

Despite extensive arguments by counsel in this case regarding the proper construction of the written notice requirement of Crim. R. 12.1, it is unnecessary for this court to determine whether a liberal construction of the rule demands a waiver of a writing whenever the prosecution admits to having received verbal notice during informal discovery well before the commencement of trial. The record indicates that any conceivable misuse of the court's discretion in the exclusion of the alibi evidence was harmless to appellant's right to a fair trial due to the prosecution's overwhelming evidence on the charge of corruption of a minor with drugs which directly

contradicted the proposed alibi testimony. It is unlikely that appellant would have benefitted even if the jury resolved the serious issue of Robin Bowshier's credibility in favor of appellant and believed the proposed alibi testimony.

Appellant's second assignment of error is overruled.

Appellant contends in his fourth assignment of error that the trial court committed reversible error by refusing four requested special jury instructions regarding the credibility of specific prosecution witnesses. In a criminal case, the trial court is required to give special jury instructions only if they are correct, pertinent, timely presented, and not substantively included in the general charge. *Cincinnati v. Epperson* (1969), 20 Ohio St. 2d 59, at 61.

All of appellant's proposed jury instructions were specifically included in the general charge. The judge instructed the jury at length before trial regarding its duty to ascertain the credibility of witnesses in weighing the evidence against appellant. The pretrial instructions were repeated in the form of a full printed written copy before deliberations. Furthermore, the transcript shows that the judge expanded her instructions on the credibility issue in her oral charge to the jury before deliberations, specifically including appellant's requested special instructions regarding the weight to be accorded identifications made by law enforcement witnesses and witnesses allegedly under the influence of drugs.

Significantly, appellant does not allege that the general instructions given to the jury were improper or misleading, and this court finds them to have fairly and fully informed the jury of the applicable rules of law in this case. Appellant merely argues that the general instructions provided the jury were not sufficiently detailed. The mere fact that the general instructions were not as specific as appellant would have liked does not amount to error on the part of the trial court.

Appellant's fourth assignment of error is overruled.

Appellant assigns as his fifth assignment of error the introduction of a prior mug shot by the prosecutor for purposes of identification because its visible slate numbers identified appellant as having a prior criminal record. However, any alleged prejudice arising from the incriminating nature of the police photo was effectively diminished by the stipulation made at the outset of the trial that appellant's criminal record contained a prior drug related conviction. Thus, the failure to cover the slate numbers was harmless.

Appellant's fifth assignment of error is overruled.

Appellant's sixth assignment of error is that the jury's verdict of guilty of trafficking in drugs was against the manifest weight of the evidence, in that the evidence was purely circumstantial and inconsistent with his theory of innocence. An appellate court will reverse a conviction based solely on circumstantial evidence where that evidence does not, as a matter of law, preclude all reasonable theories of innocence. *State v. Jacobozzi* (1983), 6 Ohio St. 3d 59, at 61.

In *State v. Ebright* (1983), 11 Ohio App. 3d 97, at 101, this court held that in determining whether the circumstantial evidence relied upon by the state excludes any reasonable theory of innocence, an appellate court must examine the record to determine whether it contains sufficient evidence which would lead an average juror to find beyond a reasonable doubt only that the circumstantial evidence was consistent with guilt and that all reasonable theories of innocence were, therefore, precluded. Accordingly, we must ascertain whether the prosecution's evidence in the instant case would also support appellant's reasonable theory of innocence that he did not supply Tina with cocaine on July 13, 1988, and that he was, at worst, a potential purchaser.

The particular violation of Ohio's trafficking in drugs statute specified in the indictment, which the prosecution had to prove beyond a reasonable doubt, was that appellant knowingly sold or offered to sell cocaine on July 13, 1988, in violation of R.C. 2925.03(A)(2) and (C)(2). The strongest evidence relied upon by the prosecution to support their theory of guilt that there was an exchange of money for cocaine between Tina and appellant while they were inside appellant's car was that Tina did not deliver cocaine to the officers until approximately fifteen minutes after receiving their money and only after immediately exiting appellant's car. The prosecution also relied on facts indicating a course of conduct between Tina and the officers which revealed that Tina

routinely had to wait for a supplier to arrive before delivery to them was possible.

From all of the evidence relied upon by the prosecution to support their theory of guilt, including the absence of any testimony that appellant was acting in any capacity during the transaction other than that of Tina's drug supplier, reasonable minds could conclude only that appellant was guilty of aggravated trafficking. The prosecution presented sufficient, credible evidence to exclude a reasonable possibility that appellant was not a drug supplier and to convince the average juror of guilt beyond a reasonable doubt. The prosecution need not exclude speculative possibilities not reasonably supported by the evidence.

Appellant's sixth assignment of error is overruled.

Appellant urges this court in assignment of error number seven to remand his conviction for corruption of a minor with drugs for resentencing in accordance with *State v. Russo* (Feb. 25, 1988), Cuyahoga App. No. 53571, unreported, in which the Eighth Appellate District held that indeterminate sentencing is inappropriate when a statute specifically provides for actual and determinate terms of incarceration.

This assignment of error is overruled pursuant to this court's specific rejection of *Russo* in *State v. Jarrell* (May 24, 1990), Franklin App. No. 89AP-220, unreported (1990 Opinions 2024). The rule in the Tenth Appellate District is that a statute which provides for actual and definite terms of incarceration, such as R.C. 2925.02 for corrupting another with drugs, may serve as a substitute for or a portion of the minimum term provided in the general felony sentencing statute, R.C. 2929.11. The specific penalties contained in Ohio's drug statutes do not supersede R.C. 2929.11. Therefore, the trial court's sentence of twelve to twenty-five years maximum, with twelve years actual incarceration for the felony of corrupting another with drugs with specifications of prior felony drug abuse, was proper.

Finally, appellant assigns as reversible error the prosecutor's introduction on three separate occasions of irrelevant testimony, the prosecutor's introduction of hearsay testimony, the prosecutor's improper cross-examination, and the prosecutor's comment during his closing argument regarding appellant's failure to testify at trial. Analyzing appellant's assertions of prosecutorial misconduct seriatim, we begin with Crim. R. 52(B), which allows appellate recognition of error not brought to the attention of the trial court only if it was plain error affecting a substantial right of appellant. Traditionally, notice of plain error is taken with utmost caution only under exceptional circumstances and only when necessary to prevent a manifest miscarriage of justice. *State v. Long* (1978), 53 Ohio St. 2d 91, at 97, The test is whether, except for the alleged error, the result of the trial clearly would have been otherwise. *State v. Underwood* (1983), 3 Ohio St. 3d 12, at 14.

All of the evidence alleged on appeal to be irrelevant was admitted at trial without objection. The testimony by Detective Michael Spiert regarding the discrepancy between the amount of cocaine the officers expected to buy from Tina on July 13, 1988, and the lesser amount of cocaine actually purchased from her was relevant and necessary to establish a chain of custody and proper identification of the cocaine evidence. The trial court committed no error in admitting this testimony. Although the testimony elicited from Jessie Stepp on direct examination that there was an outstanding arrest warrant on him was irrelevant and inadmissible upon proper objection to prove that appellant corrupted Pamela Willis with drugs on July 10, 1988,[1] admission of the statement does not meet the difficult test for plain error. Similarly, the testimony by Detective Cathy Jester concerning the general victimization of teenagers on the streets was irrelevant and inadmissible upon proper objection according to Evid. R. 401. Nevertheless, appellant has failed to prove plain error. Although hearsay statements by prosecution witnesses Jessie Stepp and Sandra Willis Fletcher concerning information given to them by a man named Harley Evans in connection with the charge of corrupting another with drugs had a permissible non-hearsay aspect of showing their effect on the listeners, they were inadmissible due to the impermissible and highly prejudicial likelihood of being misused by the jury to prove an element of the offense or character of the accused. Nevertheless, the admission thereof without objection does not rise to the level of exceptional circumstances necessary to prevent a manifest miscarriage of justice.

Appellant furthermore alleges as reversible error the admission of statements by prosecution witnesses Detective Jester and Cynthia Spradlin to which objections were made. Although the rebuttal testimony of Detective Jester indicating prior incidents of prostitution by defense witness Robin Bowshier may have damaged Robin Bowshier's credibility, it was not excludable hearsay. Rather, the statements were admissible for purposes of impeachment by bias because the testimony revealed a relationship between Robin Bowshier and appellant. Likewise, although the volunteered statements by defense witness Spradlin during her cross-examination that she had a juvenile record cannot be admitted for general impeachment pursuant to Evid. R. 609(D), it was not an abuse of discretion for the trial court to admit the statements as relevant to establishing her bias. In any event, no prejudice resulted to appellant as a result of the admission of Spradlin's statements.

Also included in appellant's third assignment of error is the trial court's refusal to declare a mistrial based on the prosecutor's comment during closing argument on appellant's failure to testify at trial. Specifically, the prosecutor's rebuttal in closing argument included the following remark:

"By the way, both sides have a right to call witnesses, and in this case Mr. Saia elected to put on a defense. He had every right to call Officer Constable or Dorn and so did the state. The state didn't because the state promised you that the witnesses that would testify would tell you who, what, where, and when and why. The only witness that didn't tell you why -- we don't have a witness to tell you why. Mr. Dotson, we can't look into his mind, and he doesn't have to testify, but you are going to have to --

"MR. SAIA. I will object, your Honor. May we approach?"

The trial judge determined that this language was not, in fact, a comment on appellant's failure to testify but, instead, a proper comment on appellant's silence as conduct from which the jury could infer facts. The judge also determined the comment was not improper in light of clarifications by the prosecution and in jury instructions that appellant's constitutional right not to testify requires that the jury not consider his failure to testify for any purpose.

In *State v. Ferguson* (1983), 5 Ohio St. 3d 160, at 162, the court specifically stated that the test is whether the focus of the prosecutor's comment was upon the defendant's failure to testify. If it was, the comment was improper. If, on the contrary, the focus was on the absence of contradictory evidence, the comment is not improper. Accordingly, we must decide whether the language used was manifestly intended, or was of such character that the jury would naturally and necessarily have taken it, to focus on the failure of the accused to testify and inferences that arise therefrom.

In the instant case, we do not agree that the afore-quoted statement of the prosecutor did not focus on appellant's failure to testify at trial. In *Ferguson,* the court allowed the prosecutor to comment that the state's case was uncontradicted. The comment in this case, however, was not merely a reference to the strength of the state's case. The only message communicated by the prosecutor's aforementioned statement was that appellant failed to testify in his own defense to explain his innocence. The focus of the statement was on appellant's silence and was not a mere reminder that the state's case had not been rebutted.

Specifically, in *Griffin v. California* (1965), 380 U.S. 609, the United States Supreme Court held that comments regarding a defendant's failure to testify prejudicially affects the Fifth, Sixth, and Fourteenth Amendment privileges against self-incrimination and guarantees of a fair trial, Having determined that the prosecutor's comment in this case was a statement regarding defendant's failure to testify, we, in accord with *Griffin,* deem the prosecutor's statement a violation of appellant's constitutional rights.

Despite the holding in *Griffin,* the Supreme Court stated in *Chapman v. California* (1967), 386 U.S. 18, that not every trial error which violates the Constitution automatically demands reversal of the court's judgment. Some constitutional violations cast upon the non-prejudiced party the burden to prove that the error was harmless beyond a reasonable doubt in order to sustain the conviction. *Id.* at 24.

In *State v. Zimmerman* (1985), 18 Ohio St. 3d 43, the Ohio Supreme Court adopted the federal standard and held that a

prosecutor's reference in closing argument to the defendant's failure to testify does not require automatic reversal. Instead, the court applied *Chapman* and specifically ruled in paragraph one of the syllabus that courts must apply the harmless-error doctrine to determine whether such a reference demands reversal.

The harmless-error doctrine requires that appellant's conviction be affirmed only if it is conclusive, based on a review of the entire record, that the prosecutor's comments were harmless beyond a reasonable doubt. A constitutional error is harmless beyond a reasonable doubt only if the remaining evidence, standing alone, constitutes overwhelming proof of the defendant's guilt. *State v. Williams* (1988), 38 Ohio St. 3d 346, at 349; *State v. Williams* (1983), 6 Ohio St. 3d 281, at paragraph six of the syllabus. In particular, the test, as announced in *Zimmerman, supra,* at 45, to be applied in this case, is whether, absent the prosecutor's reference to the failure of the accused to testify, it is clear beyond any reasonable doubt that the jury would have returned a verdict of guilty.

After a review of the record, we cannot say that the prosecutor's error was harmless beyond a reasonable doubt. Although the case presented reasonably strong evidence against appellant on the charge of corrupting a minor with drugs, the evidence on the charge of trafficking in drugs was weaker and circumstantial. None of the prosecution's witnesses actually saw appellant give or sell drugs to Tina on July 13, 1988, and Tina was evidently unavailable to testify in support of either party. Furthermore, Robin Bowshier was deemed unavailable for purposes of refuting the charge of corruption of a minor with drugs. Neither case was one in which, absent the constitutionally forbidden comments, the evidence was so overwhelming that a fair and reasonable juror could not have brought to the court a verdict of not guilty. The likelihood, created by the prosecutor's comment, is that the jury weighed the fact that appellant did not testify in its determination of a guilty verdict. The statement was, therefore, prejudicial. Furthermore, the general jury instruction regarding appellant's constitutional right not to testify did not cure the constitutional error resulting from the prosecutor's comment on appellant's failure to testify.

· Appellant's third assignment of error is sustained in part and overruled in part.

Appellant's first, second, fourth, fifth, sixth, and seventh assignments of error are overruled. Appellant's third assignment of error is sustained in part and overruled in part. The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

*Judgment reversed and*
*case remanded.*

WHITESIDE and VICTOR, J.J., concur.

VICTOR, J., retired of the Ninth Appellate District, assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.

WHITESIDE, J., concurring in part, dissenting in part.

Although I concur in the sustaining of the third assignment of error and in the judgment of reversal, I would also sustain the fourth assignment of error. ·

Contrary to the statement in the majority opinion, the trial court did not give the requested instructions upon which the claim of error is predicated as the trial court specifically noted (Tr. 193). The trial court instructions as to credibility of witnesses was only very general and given only before the commencement of trial. No such instruction was given during the general charge following closing argument when it would be most helpful to the jury in its deliberations. Rather, the trial court gave only a charge on identification testimony. There is no contention by the prosecution that the requested instructions are not proper. Having been requested to do so, it was error for the trial court not to be more specific in explaining the import of various tests which the jury may use in weighing the evidence and determining truthfulness. The appellant made the request, and the trial court should have given the instructions, especially since the court did not repeat the general instructions during the mandatory charge following closing argument.

Although I concur in overruling the second assignment of error, my reason varies slightly. If defendant were with Robin Bowshier, instead of Pamela Willis, he was aware of it at all times and did not need

notification from the prosecutor. Appellant has offered no explanation of why, from his own personal knowledge, he did not timely file a notice of alibi.

---

[1] Appellee contends that this evidence was admissible for purposes of attacking Jessie Stepp's credibility. Although Evid. R. 607 permits a party to impeach his own witness, Evid. R. 403, 404(A)(3) and 608(B) would have applied in this case to render the evidence inadmissible upon proper objection. The rules require that the instances of specific conduct inquired into to impeach a witness' credibility be probative of truthfulness or untruthfulness, not outweighed by the danger of unfair prejudice, and elicited on cross-examination.