JOURNAL ENTRY AND OPINION
Arthur Fredd, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, Case No. CR-360857, in which defendant-appellant was convicted of receiving stolen property, motor vehicle, in violation of R.C.2913.51. Defendant-appellant assigns two errors for this court's review.
Defendant-appellant's appeal is not well taken.
On March 18, 1998, the Cuyahoga County Grand Jury returned a single count indictment against defendant-appellant alleging a violation R.C. 2913.51, receiving stolen property, motor vehicle. On March 27, 1998, defendant-appellant was arraigned whereupon a plea of not guilty was entered to the indictment.
A jury trial commenced on April 20, 1998. The first witness for the state was Carolina Villaseca. Ms. Villaseca testified that in January of 1998, she had been working as a hostess at Mallorca's Restaurant located in downtown Cleveland, Ohio. On the night in question, Ms. Villaseca reported for work at approximately 6:00 p.m. As part of her employment, Ms. Villaseca received free parking in a lot located across the street from the restaurant. Ms. Villaseca watched as the valet parked her car, a 1992 white Dodge Shadow, across the street and then returned the keys to her.
At the conclusion of her shift, Ms. Villaseca decided to remain downtown and unwind with co-workers rather than return to her apartment in Lakewood. Upon leaving the restaurant that night, Ms. Villaseca saw her automobile parked across the street in its usual parking space. The next morning at approximately 10:00 a.m., Ms. Villaseca attempted to retrieve her automobile only to discover that the vehicle was gone. Ms. Villaseca kept her apartment keys and a day-planner in her automobile. When she returned to her apartment later that day, Ms. Villaseca learned that her apartment had been burglarized. Ms. Villaseca testified that the next time she saw her automobile was in the police impound lot at which time she observed that the steering column had been damaged. Ms. Villaseca never recovered the property stolen from her apartment.
The state's second witness, Officer Glenn Detrick of the Cleveland Police Department, testified that he and his partner Joseph DiGregorio were patrolling the area around Cuyahoga Community College, Metro Campus, on January 27, 1998 when Officer Detrick observed "fresh damage" to the rear bumper of a 1992 white Dodge Shadow as well as a broken rear vent window. A radio check revealed that the vehicle was stolen. The officers eventually stopped the vehicle in a parking lot at Lupica Towers on Community College Avenue. Defendant-appellant, who had been driving the vehicle, was placed in custody along with a female passenger. Both officers noticed that the steering column had been "peeled" which would allow an individual to operate the car without the ignition key. The officers recovered a crack pipe and a small Phillips screwdriver at the scene of the arrest.
The state's third witness was Detective Richard Ginley of the Lakewood Police Department. Detective Ginley testified that, as part of his investigation into the burglary at Ms. Villaseca's Lakewood apartment, he conducted an interview with defendant-appellant. After being advised of his Miranda rights, defendant-appellant made a statement in which he maintained that he had been given the vehicle in question by a friend known only as "James" so that defendant-appellant could go purchase crack cocaine in the area of East 35th Street and Community College Avenue. Defendant-appellant stated further that he did, in fact, purchase some crack cocaine but swallowed it after he noticed that he was being followed by the police. Detective Ginley testified further that defendant-appellant was evasive when questioned about "James" and was unable to provide a last name, address or detailed physical description.
The fourth and final witness for the state was Officer Joseph DiGregorio of the Cleveland Police Department. Officer DiGregorio's testimony was factually similar to that of Officer Detrick, his partner on the night in question. Officer DiGregorio also testified at length regarding the practice of loaning stolen automobiles for the purchase of drugs.
At the conclusion of the state's case, the trial court denied defendant-appellant's motion for acquittal pursuant to Crim.R. 29. Closing arguments ensued. During the state's closing argument, the prosecuting attorney argued as follows:
 And he also had an opportunity to talk to Detective Ginley about what happened. If somebody tells me I'm being arrested for being involved, either driving or stealing a car and I didn't do it, I guarantee you, ladies and gentleman, I know you would too, I would be standing on the highest mountain top proclaim (sic) my innocence. "Hey, what stolen car, what are you talking about? I just got it from a guy. I didn't steal any car."
 Does he do that? No. He says here is my Social Security, here is my date of birth. Does he deny any involvement at any time to Officer DiGregario? No. The highest mountain top I would find, I would be screaming. You would be too if you were charged with a felony. You would, too.
(T. 245-246.)
On April 23, 1998, the jury found defendant-appellant guilty of receiving stolen property, motor vehicle, in violation of R.C.2913.51, as indicted. On May 29, 1998, the trial court sentenced defendant-appellant to a term of sixteen months incarceration at the Lorain Correctional Institution.
On July 2, 1998, defendant-appellant filed a timely notice of appeal from the judgment of the trial court.
Defendant-appellant's first assignment of error states:
 I. THE APPELLANT WAS DENIED A FAIR TRIAL BY THE ADMISSION INTO EVIDENCE OF OTHER IRRELEVANT, BAD ACTS REGARDING AN ALLEGED VIOLATION OF OTHER CRIMINAL STATUTES.
Defendant-appellant argues, through his first assignment of error, that the trial court erred in allowing lengthy testimony regarding a crack pipe discovered under the stolen car, crack cocaine use in general, the overall drug trade and the burglary of Ms. Villaseca' s apartment. Specifically, defendant-appellant maintains that, given the fact that he was on trial for receiving stolen property, motor vehicle, any testimony regarding unrelated and unindicted drug activity as well as seemingly unrelated thefts was irrelevant and should not have been admitted into evidence. It is defendant-appellant's position that such testimony failed to satisfy the requirements of Evid.R. 404 (B) or R.C. 2945.59 for admission of "other acts" evidence and its admission constituted plain error under Crim.R. 52 (B).
R.C. 2945.59 and its counterpart in the rules of evidence, Evid.R. 404 (B), provides:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of fraud or accident.
Under Evid.R. 404 (B), other acts testimony is clearly admissible where it is probative of motive, opportunity, intent, preparation, knowledge, identity, or absence of fraud or accident. Similarly, testimony relating to an accused's other bad acts is admissible even though it also tends to demonstrate a defendant's bad character, where the other acts are inextricably related to the charged offenses. State v. Henness (Feb. 6, 1996), Franklin App. No. 94AP02-240, unreported; State v. Lorraine
(1993), 66 Ohio St.3d 414, 421, 613 N.E.2d 212, 218.
Here, defendant-appellant was indicted for receiving stolen property, motor vehicle. In order to be convicted of this offense pursuant to R.C. 2913.51, the state must demonstrate that the accused "received, retained or disposed of property of another knowing or having reasonable cause to believe that the property had been obtained through the commission of a theft offense." Therefore, it follows that testimony regarding the contents of the automobile itself at the time of defendant-appellant's arrest was, in fact, admissible to prove defendant-appellant's knowledge that the vehicle was the "property of another." The presence of a bank book owned by a third party as well as a social security card from another unidentified third party demonstrates knowledge or, at the very least, reasonable cause to believe that the vehicle was the property of another. This is particularly significant in light of the fact that none of the personal property present in the vehicle at the time of defendant-appellant's arrest belonged to defendant-appellant, his female passenger or the vaguely identified "James" who had allegedly loaned defendant-appellant the automobile.
Similarly, testimony regarding crack cocaine use and the drug trade in general was also admissible given defendant-appellant's statement to Detective Ginley in which defendant-appellant maintained that the vehicle in question was loaned to him by "James" for the sole purpose of allowing defendant-appellant to travel to Community College Avenue to purchase crack cocaine. The fact that stolen automobiles are commonly used for this purpose is clearly related to the offense of receiving stolen property, motor vehicle, and the trial court did not err by allowing the disputed testimony into evidence. Accordingly, this court need not further consider the admission of this evidence in the context of a plain error standard of review as its admission was not in error. State V. Meriwether (March 15, 1996), Montgomery App. No. 15079, unreported.
Defendant-appellant's first assignment of error is not well taken.
Defendant-appellant's second assignment of error states:
 II. THE PROSECUTING ATTORNEY VIOLATED THE APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS BY COMMENTING ON THE DEFENDANT'S EXERCISE OF HIS RIGHT TO REMAIN SILENT AND PLACING A BURDEN OF PROOF UPON THE APPELLANT.
Defendant-appellant argues, through his second and final assignment of error, that during closing argument the state improperly commented upon defendant-appellant's failure to testify at trial on his own behalf. Specifically, defendant-appellant maintains that the state's characterization of defendant-appellant's post-arrest silence as somehow being indicative of guilt was clearly improper and served to shift the burden of proof to defendant-appellant rather than the state.
In State v. Zimmerman (1985), 18 Ohio St.3d 43, 479 N.E.2d 862, the Ohio Supreme Court, in dealing with a similar situation, stated:
 It was improper for the prosecutor to comment on the accused's silence. Griffin v. California (1965), 380 U.S. 609, 615. However, the prosecutor's improper comments do not require automatic reversal of the accused's conviction. The conviction must be affirmed if it is concluded, based on the whole record, that the prosecutor's improper comments were harmless beyond any reasonable doubt. United States v. Hasting (1983), 461 U.S. 499; cf. State v. Smith (1984), 14 Ohio St.3d 13.
 Therefore, the question we must ask is this: Absent the prosecutor's allusion to the failure of the accused to testify, is it clear beyond any reasonable doubt, that the jury would have returned a verdict of guilty? Hastings, at 510-511.
Id. at 44-45.
In the case sub judice, while the state did not specifically comment upon defendant-appellant's decision to refrain from testifying on his own behalf, the state did improperly comment upon defendant-appellant's post-arrest silence. However, in light of the overwhelming evidence of defendant-appellant's guilt, it is apparent that the improper comment amounts to nothing more than harmless error. Defendant-appellant was initially observed by two members of the Cleveland Police Department operating a stolen automobile, pursued, apprehended and then placed into custody. A subsequent search of the automobile uncovered a "peeled" steering column, a small Phillips screwdriver which is commonly used for operating stolen vehicles without the key to the ignition and numerous personal items which did not belong to defendant-appellant, his passenger or the individual who allegedly loaned defendant-appellant the automobile for the admitted purpose of purchasing crack cocaine. Clearly, the state's case would not have been significantly less persuasive absent the improper reference. State v. Turner (June 23, 1995), Lucas App. No. L-93-305, unreported.
For the foregoing reasons, defendant-appellant's second and final assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, P.J., and SWEENEY, JAMES D., J., CONCUR.
 ________________________ MICHAEL J. CORRIGAN JUDGE