JOURNAL ENTRY AND OPINION
Following a jury trial in January 2001, Defendant-Appellant, Santo Barbarotta ("Barbarotta") was found guilty of burglary in violation of R.C. 2911.12 and intimidation in violation of R.C. 2921.04 and sentenced to seven years and four years of imprisonment, respectively, to be served concurrently. In this appeal, Barbarotta raises three assignments of error, none of which we find to be well taken. For the following reasons, we affirm.
A review of the record indicates that on October 28, 2000, Barbarotta, and another male tried separately from Barbarotta, broke into the home of Steven Cina ("Cina") and Gina Meredith ("Meredith") and apparently secretly stayed in their attic off and on over a period of several weeks. Evidence shows that floor boards of the attic were moved so that areas of the living area, including the bathroom and bedroom, were viewable from the attic. Upon hearing suspicious noises in the attic, Cina investigated, causing Barbarotta and the other male to flee from the house. Cina chased Barbarotta and the other male to a vehicle parked along the street approximately four houses down from Cina's residence. Cleveland police officers responded and Cina and Meredith identified several items, including a coat, clock radio and coffee mug found inside the vehicle as belonging to them. After being arrested, Barbarotta threatened the victims stating that he was coming back and would kill them.
We address each assignment of error in turn. The first assignment of error is as follows:
 THE TRIAL COURT ERRED BY ALLOWING AN OUT-OF-COURT STATEMENT TO BE USED AGAINST THE DEFENDANT EVEN THOUGH THE WITNESS WAS UNAVAILABLE.
Under his first assignment of error, Barbarotta argues that the trial court should not have permitted an unsworn out-of-court statement of an unavailable witness to be read during trial. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). Generally, hearsay is not admissible, however, there are many exceptions to this rule. "In Ohio, a statement that would otherwise be excluded as hearsay may be admitted if the declarant is `unavailable' as defined in Evid.R. 804(A) and the statement falls within one of the five exceptions in Evid.R. 804(B)* * *." Statev. Williams (1988), 38 Ohio St.3d 346, 349, 528 N.E.2d 910, 915.
Cina's statement does not meet one of the exceptions permitting the introduction of hearsay evidence. The trial court allowed the statement to be read as it was not inconsistent with the testimony of the two Cleveland police officers and Meredith who were subject to cross-examination. The State concedes that the written statement of Cina was hearsay but argues that the admissibility of this evidence was harmless error. We agree.
In Williams, the Supreme Court of Ohio stated, consistent with its decision in State v. Williams (1983), 6 Ohio St.3d 281, 452 N.E.2d 1323:
 To be deemed nonprejudicial, error of constitutional dimension must be harmless beyond a reasonable doubt.
 Where constitutional error in the admission of evidence is extant, such error is harmless beyond a reasonable doubt if the remaining evidence, standing alone, constitutes overwhelming proof of defendant's guilt." n7
 This court has repeatedly held that it must affirm where any alleged constitutional errors are found to be harmless beyond a reasonable doubt. See, e.g., State v. Gilmore (1986), 28 Ohio St.3d 190, 28 OBR 278, 503 N.E.2d 147; State v. Rahman (1986), 23 Ohio St.3d 146, 23 OBR 315, 492 N.E.2d 401; State v. Mann (1985), 19 Ohio St.3d 34, 19 OBR 28, 482 N.E.2d 592; State v. Zimmerman (1985), 18 Ohio St.3d 43, 10BR 79, 479 N.E.2d 862, syllabus; State v. Maurer (1984), 15 Ohio St.3d 239, 264, 15 OBR 379, 400, 473 N.E.2d 768, 791; State v. Smith (1984), 14 Ohio St.3d 13, 14 OBR 317, 470 N.E.2d 883; State v. Ferguson (1983), 5 Ohio St.3d 160, 166-167, 5 OBR 380, 386, 450 N.E.2d 265, 270-271, at fn. 5; State v. Eubank (1979), 60 Ohio St.2d 183, 14 O.O. 3d 416, 398 N.E.2d 567; State v. Adams (1978), 53 Ohio St.2d 223, 7 O.O. 3d 393, 374 N.E.2d 137, vacated in part on other grounds (1978), 439 U.S. 811; State v. Lytle
(1976), 48 Ohio St.2d 391, 2 O.O. 3d 495, 358 N.E.2d 623, vacated in part on other grounds (1978), 438 U.S. 910; and State v. Bayless (1976), 48 Ohio St.2d 73, 2 O.O. 3d 249, 357 N.E.2d 1035, paragraph seven of the syllabus, vacated in part on other grounds (1978), 438 U.S. 911.
State v. Williams (1988), 38 Ohio St.3d 346, 349, 528 N.E.2d 910,916.
The error of the admission of Cina's statement was harmless beyond a reasonable doubt. The trial court found that there were no inconsistencies in Cina's statement from the in-court testimony of the police officers and Meredith. The contents of the statement were cumulative and merely corroborated their testimony. As in Williams, it is clear that the remaining evidence constituted overwhelming proof of Barbarotta's guilt.
Accordingly, Barbarotta's first assignment of error is not well taken.
The second assignment of error is as follows:
 IN LIGHT OF THE FACT THAT THE SOLE EYEWITNESS TO THE CRIME TESTIFIED THAT SHE COULD NOT IDENTIFY THE DEFENDANT, THE APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, the Ohio Supreme Court set forth the role of an appellate court in determining whether a judgment is against the manifest weight of the evidence:
 When a court of appeals reverses the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs [v. Florida (1982), 457 U.S. 31, 72 L.Ed.2d 652, 102 S.Ct. 2211,]at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, State v. Martin
(1983), 20 Ohio App.3d 172, 175, 20 Ohio B. Rep. 215, 219, 485 N.E.2d 717,720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should only be granted in the exceptional case in which the evidence weighs heavily against the conviction.") State v. Drake (Feb. 8, 2001), Cuyahoga App. No. 77460, unreported.
A review of the evidence does not indicate that the jury lost its way when it convicted Barbarotta, despite the inability of Meredith to conclusively identify Barbarotta in the courtroom. Officer Neidbalson testified that he heard Barbarotta state that he would come back and kill the victims. Meredith testified that she positively identified items belonging to her that were found in the back seat of the vehicle in which Barbarotta was found. Meredith testified that Barbarotta was in her house and violated her privacy. Meredith testified that she witnessed a man with a black Raiders jacket jumping from her roof and running. Meredith also testified that the men ran to a vehicle with Wyoming license plates. The officers testified that they found Barbarotta in a vehicle with Wyoming license plates, three doors away from Meredith's house. Accordingly, Barbarotta's second assignment of error is not well taken.
The third assignment of error is as follows:
 THE EVIDENCE PRESENTED WAS INSUFFICIENT, AS A MATTER OF LAW, TO SUSTAIN A CONVICTION WHICH CONSTITUTES A DENIAL OF DUE PROCESS OF LAW.
 With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson
(1955), 162 Ohio St. 486, 55 Ohio Op. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 S. Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560.
State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546.
 A sufficiency claim raises a narrow question of law that we review de novo. * * * We review the record to determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. * * * As the question of sufficiency of the evidence presents a question of law, it does not allow the reviewing court to weigh the evidence.
State v. Williams (Dec. 6, 2001), Cuyahoga App. No. 78932, unreported. See, also, State v. Stallings (2000), 89 Ohio St.3d 280, 289,731 N.E.2d 159, 171 (quoting Jackson v. Virginia (1979), 443 U.S. 307,319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573); State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720.
Based on the testimony at trial, we find that there is sufficient evidence for the jury to have convicted Barbarotta. Accordingly, Barbarotta's third assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., AND TERRENCE O'DONNELL, J., CONCUR.