[Cite as *Foster v. Ohio Dept. of Natural Resources*, 2010-Ohio-2314.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SHANNON FOSTER

     Plaintiff

     v.

OHIO DEPARTMENT OF NATURAL RESOURCES

     Defendant

     Case No. 2009-07547-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Shannon Foster, filed this action against defendant, Department of Natural Resources (DNR), alleging she suffered personal injury on some unspecified date at some unspecified location. In her complaint, plaintiff recorded, "[w]hile getting up from a picnic table, a rock under my (left) foot rolled causing me to fall." Plaintiff claimed injury to her left buttock, lower back, left hip, left elbow, abdominal area, and diaphragm area as a direct result of the trip and fall. Plaintiff requested damage recovery in the amount of $1,951.81. Plaintiff did submit a copy of a medical bill from Wooster Community Hospital in the amount of $1,951.81 listing a treatment service date of August 2, 2009. Designated payers on the medical treatment bill are this court (The Court of Claims of Ohio) and plaintiff's insurers Summa Care/Medicare. Plaintiff denied receiving any payment from any collateral source for medical expenses she incurred. The filing fee was paid.

{¶ 2} Defendant filed an investigation report disputing the allegations in plaintiff's complaint based on the fact plaintiff did not produce any documentation to verify the location of the alleged personal injury incident or any corroborating statement

or report. Furthermore, defendant pointed out the medical bill plaintiff submitted which represents the amount of damages claimed lists "Non-Covered Charges" amounting to $0.00 (zero and no/100 dollars). Defendant maintained plaintiff did not claim any damages that were not covered by a collateral source.

**{¶ 3}** Defendant contended plaintiff failed to state an actionable claim against DNR. Defendant cited the following case law to support its position:

**{¶ 4}** "The elements for an actionable claim of negligence are (1) a duty owed by the defendant toward the plaintiff; (2) a breach of that duty, and (3) an injury proximately caused by that breach. However, Defendant is not an insurer of Plaintiff's safety. See *Holdshoe v. Whinery* (1968), 14 Ohio St. 2d 134. Further, there is no duty upon Defendant to protect Plaintiffs from dangers that were known to them or which were so obvious and apparent to them that they could reasonably be expected to discover them and protect themselves against them. *Sidle v. Humphrey* (1968), 13 Ohio St. 2d 45."

**{¶ 5}** Defendant advised plaintiff did not provide any evidence to establish her injuries occurred on DNR premises, were proximately caused by negligence on the part of DNR, or that she suffered economic damages not covered by a collateral source. Defendant argued plaintiff failed to prove any element necessary to prevail on a negligence claim.

**{¶ 6}** Plaintiff filed a response noting: "I was stradling [sic] the picnic table bench. I stood up. My left foot came to settle on a rock that moved. I lost my balance and fell." Plaintiff did not provide a location of the picnic table. Plaintiff did not produce any photographs depicting the picnic table and premises condition around the picnic table. Plaintiff did not offer any supporting documentation regarding her injury incident such as accident reports or witness statements.

**{¶ 7}** For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio*

*State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 8} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 9} Plaintiff has stated a claim grounded in premises liability. The duty owed by a property owner under premises liability depends upon the status of the injured plaintiff as an invitee, licensee, or trespasser. "In premises liability situations, the duty that an owner of land owes to individuals coming onto the property is determined by the relationship between the parties. *Light v. Ohio University* (1986), 28 Ohio St. 3d 66, 67, 502 N.E. 2d 611, 613. The standard of care changes depending upon whether the entrant is characterized as an invitee, licensee or trespasser. *Gladon v. Greater Cleveland Regional Transit Authority* (1996), 75 Ohio St. 3d 312, 315, 662 N.E. 2d 287, 291." *Morgan v. Gracely*, 2006-Ohio-2344, ¶7.

{¶ 10} For example, a premises owner typically owes a duty to invitees to exercise ordinary care in maintaining the premises in a reasonably safe condition, such that the invitee will not unreasonably or unnecessarily be exposed to danger. *Paschal v. Rite Aid Pharmacy* (1985), 18 Ohio St. 3d 45, 18 OBR 267, 480 N.E. 2d 474. The owner must warn invitees of latent or concealed dangers, if the owner knows or has reason to know of the hidden dangers, and invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. *Brinkman v. Ross* (1993), 68 Ohio St. 3d 82, 1993 Ohio 72, 623 N.E. 2d 1175.

{¶ 11} All claims involving premises liability contemplate a plaintiff verifying the location where the particular injury occurred in order to ascertain the owner of the premises and therefore, identify the proper party defendant. In the instant claim, plaintiff has persisted in failing to provide a location where her injury occurred other than to state she was injured at a "picnic table." Without establishing DNR or another state entity as the owner of the premises where plaintiff was injured, this action cannot go forward. Plaintiff has failed to offer any evidence to prove defendant owned or maintained the premises where her injury incident occurred. Consequently, plaintiff's claim is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

SHANNON FOSTER

    Plaintiff

    v.

OHIO DEPARTMENT OF NATURAL RESOURCES

    Defendant

    Case No. 2009-07547-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED without prejudice.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Shannon Foster
4353 E. Lincoln Way
Wooster, Ohio  44691

Charles G. Rowan
Department of Natural Resources
2045 Morse Road, Building D-3
Columbus, Ohio  43229-6693

RDK/laa
1/27
Filed 2/25/10
Sent to S.C. reporter 5/21/10