[Cite as *Daiker-Middaugh v. Cleveland State Univ.*, 2011-Ohio-7056.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PAMELA DAIKER-MIDDAUGH

Plaintiff

v.

CLEVELAND STATE UNIVERSITY

Defendant

Case No. 2011-08491-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1}    Plaintiff, Pamela Daiker-Middaugh, filed this action against defendant, Cleveland State University (CSU), alleging that on two occasions, "large rodents (believed to be rats) destroyed the engine harness of my 2008 Toyota Pilot while parked in the CSU East 19th Street Garage.  The damage to the Pilot on both days was so substantial that, according to the Honda Motorcars mechanics, it occurred where the vehicle was parked-in the CSU lot."  Plaintiff implied that the damage to the automobile was proximately caused by negligence on the part of defendant in failing to maintain the parking garage premises.  Plaintiff requested damage recovery in the amount of $1,000.00, her insurance coverage deductible for vehicle repair costs incurred on January 12 and March 15, 2011, when she paid to have her car repaired.  The filing fee was paid.

{¶2}    Plaintiff submitted copies of the invoices prepared by Honda Motorcars on each of the two dates listed in the complaint.  The January 12, 2011 report contains the following notation: "running poorly * * * found a portion of engine main wiring harness shredded by rodents."  The March 15, 2011 comments note that: "aggressive rodents

again destroyed the main engine wire harness * * * several (more) locations since the first repair. Replaced harness. * * * [Plaintiff] has a bag of recovered 'Hershey Kisses' found in the valley between cylinder banks!"

{¶3} Defendant filed an investigation report disputing the allegations in plaintiff's complaint based on the fact plaintiff "has not produced any evidence demonstrating that rats are indeed located in the particular garage at issue." Defendant contended that neither plaintiff nor her mechanic can "definitively state that rodents are present in that garage." In addition, defendant submitted a report from a pest control company, Terminex, whose employee inspected the garage and found no indication of "past or present rodent activity." In sum, defendant argued that plaintiff presented insufficient evidence to prove the damage to her car was done by rodents, or that the damage occurred while plaintiff's car was parked on CSU's premises. Defendant asserted that plaintiff failed to state an actionable claim against CSU in that plaintiff failed to prove the elements necessary to prevail on a negligence claim.

{¶4} Plaintiff did not file a response.

{¶5} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707.

{¶6} Plaintiff has stated a claim grounded in premises liability. The duty owed by a property owner under premises liability depends upon the status of the injured plaintiff as an invitee, licensee, or trespasser. "In premises liability situations, the duty that an owner of land owes to individuals coming onto the property is determined by the relationship between the parties. *Light v. Ohio University* (1986), 28 Ohio St. 3d 66, 67, 502 N.E. 2d 611, 613. The standard of care changes depending upon whether the entrant is characterized as an invitee, licensee or trespasser. *Gladon v. Greater Cleveland Regional Transit Authority* (1996), 75 Ohio St. 3d 312, 315, 662 N.E. 2d 287, 291." *Morgan v. Gracely*, 2006-Ohio-2344, ¶7.

{¶7}	For example, a premises owner typically owes a duty to invitees to exercise ordinary care in maintaining the premises in a reasonably safe condition, such that the invitee will not unreasonably or unnecessarily be exposed to danger. *Paschal v. Rite Aid Pharmacy* (1985), 18 Ohio St. 3d 45, 18 OBR 267, 480 N.E. 2d 474. The owner must warn invitees of latent or concealed dangers, if the owner knows or has reason to know of the hidden dangers, and invitees are expected to take reasonable precautions to avoid dangers that are patent or obvious. *Brinkman v. Ross* (1993), 68 Ohio St. 3d 82, 1993 Ohio 72, 623 N.E. 2d 1175.

{¶8}	Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶9}	"If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in light of all the attending circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶10}	All claims involving premises liability contemplate a plaintiff verifying the particular injury occurred on defendant's premises. See *Foster v. Ohio Dept. of Natural Resources*, Ct. of Cl. No. 2009-07547-AD, 2010-Ohio-2314. In the instant case, plaintiff has failed to provide sufficient probative evidence to verify that the damage was caused by rodents or that the damage occurred while plaintiff's car was parked on CSU's premises. Consequently, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PAMELA DAIKER-MIDDAUGH

    Plaintiff

    v.

CLEVELAND STATE UNIVERSITY

    Defendant

    Case No. 2011-08491-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Pamela Daiker-Middaugh
6411 Oakes Road
Brecksville, Ohio 44141

Sonali B. Wilson, General Counsel
Cleveland State University
2121 Euclid Avenue
Administrative Center, Suite 327
Cleveland, Ohio 44115-2214

SJM/laa
10/12
Filed 11/2/11
Sent to S.C. reporter 3/30/12