JOURNAL ENTRY AND OPINION
Defendant-appellant George Semenchuk appeals his convictions of domestic violence, assaulting a police officer and disrupting public service in the Cuyahoga Court of Common Pleas. For the following reasons, we affirm.
On May 5, 2000, Officer Beverly Fraticelli and Officer Anthony Tatum of the Cleveland Police Department were called to 3511 Carlyle Avenue, Cleveland, Ohio because of a domestic violence complaint. Elisa Cocciolone, the victim's daughter, let the officers into the house and told them that her mother, Shirley Wilson, needed police and medical assistance because the defendant had assaulted her. Ms. Cocciolone led the officers to the bedroom where defendant and Ms. Wilson were inside. The room was quiet and the door was ajar.
The officers entered the room and observed the victim lying in a fetal position on the bed with a swollen eye and cuts above the eye and defendant laying next to her under the covers. The officers told the defendant to get out of the bed. Ms. Wilson told the officers to leave, that she did not want medical attention and that she did not want to make a complaint against the defendant. The officers decided to arrest defendant anyway. When defendant became belligerent, Officer Fraticelli called for backup. Defendant shoved Officer Fraticelli into the wall when she tried to handcuff him. Officer Tatum then grabbed defendant. Defendant began to kick Officer Tatum and flail about. When Officer Fraticelli attempted to call for backup again, defendant grabbed her microphone and ripped her uniform. Two officers responded to Officer Fraticelli's call, broke in the door and subdued the defendant. Officer Fraticelli had to use pepper spray to help subdue the defendant. Ms. Cocciolone signed a misdemeanor complaint form in which she stated that she "witnessed and heard George Semenchuck hitting my mom Shirley Wilson in which she received a black eye bloody nose."
On July 5, 2000, defendant was indicted for two counts of assault on a peace officer, in violation of R.C. 2903.13; one count of vandalism, in violation of R.C. 2909.05; one count of disrupting public service, in violation of R.C. 2909.04; one count of felonious assault, in violation of R.C. 2903.11; and one count of domestic violence, in violation of R.C. 2919.25.
The matter proceeded to a jury trial on February 20, 2001. The trial court heard a motion to suppress and a motion to dismiss. Both of these motions were overruled by the court. At trial, Ms. Wilson denied that defendant caused the bruises to her face. She claimed that one black eye occurred at her work earlier in the day and the other black eye was a result of the altercation with the police on the day in question. On February 23, 2001, defendant was convicted of both counts of assaulting a police officer, one count of disrupting public service, one count of domestic violence[1] and was sentenced to one year of imprisonment.
Defendant appeals his convictions and raises twelve assignments of error for our review. Assignments of Error I and II state:
 I. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION TO SUPPRESS CONCERNING THE WARRANTLESS ENTRY INTO THE BEDROOM OF DEFENDANT.
 II. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION TO SUPPRESS AS EXCESSIVE FORCE WAS USED BY THE POLICE.
In these assignments of error, defendant argues that the trial court wrongfully denied his motions to suppress. We disagree.
Our role in reviewing a motion to suppress is to determine whether the trial court's decision was supported by competent, credible evidence.Tallmadge v. McCoy (1994), 96 Ohio App.3d 604, 608. When there is competent and credible evidence to support the trial court's finding, we cannot disturb such finding. Id.
First, defendant claims that the evidence should have been suppressed because the officers made a warrantless entry into the bedroom. The State maintains that the officers had consent to enter the home. The issue here is whether the victim's daughter had the authority to allow the officers to enter the home.
The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures in the home. Cleveland v. Shields
(1995), 105 Ohio App.3d 118, 121. However, consent to a warrantless search may be given by a third party who has common authority over or other sufficient relationship to the premises to be searched. State v.Sneed (1992), 63 Ohio St.3d 3, 7; State v. Stroud (Oct. 28, 1999), Cuyahoga App. No. 74756, unreported; State v. Redd (June 23, 1994), Cuyahoga App. Nos. 65671, 65672, unreported.
Here, the evidence reflects that the victim's daughter, Elisa Cocciolone, was living in the house owned by her mother. Not only did Ms. Cocciolone answer the door and tell the officers that she lived at the house, but Ms. Wilson admitted during cross-examination that her daughter had been living at the house for several months. (Tr. 47). Thus, we find that Ms. Cocciolone had common authority over the house and had a sufficient relationship to the house to allow the officers into the home including the bedroom. See Ibid. Accordingly, the trial court did not err in denying defendant's motion to suppress.
Next, defendant claims that the evidence should have been suppressed because the officers used excessive force. We disagree.
The evidence presented at the suppression hearing did not warrant a conclusion that excessive force was used. Only two witnesses testified at the suppression hearing. Officer Fraticelli testified that the defendant was belligerent and aggressive as she and her partner were conducting their investigation. She testified that the defendant ripped her radio off as she tried to call for help. She testified that she saw the defendant assault her partner and that he had to hold the defendant down because he was struggling so much. She further testified that it ultimately took approximately six officers to get the defendant under control. Ms. Wilson, on the other hand, testified that the police burst into her room and ordered the defendant out of bed, even though he was naked. She testified that she ordered the officers out of the room. Wilson testified that the officers handcuffed the defendant too tightly and pushed him onto the floor. She also testified that two other officers broke down the back door and entered the home.
Here, the trial court accepted Officer Fraticelli's testimony over that of Ms. Wilson. Issues of fact at a suppression hearing are for the trial court. State v. Stone (Jan. 30, 1991), Summit App. Nos. 14765, 14767, unreported. Accordingly, the trial court did not err in denying defendant's motion to suppress based upon excessive force.
Defendant's first and second assignments of error are overruled.
 III. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED DEFENDANT'S MOTION TO DISMISS THE DOMESTIC VIOLENCE COUNT OF THE COMPLAINT.
In his third assignment of error, defendant argues that the trial court should have dismissed the domestic violence count of the complaint. We disagree.
On May 6, 2000, defendant was charged in the Cleveland Municipal Court with domestic violence in Case No. 2000-CRB-017853. That case was dismissed for want of prosecution on June 1, 2000. On July 5, 2000, defendant was indicted in the Cuyahoga County Common Pleas Court on a charge of domestic violence based on the same events. On August 11, 2000, defendant filed a motion to dismiss the domestic violence charges contained in the indictment on the basis that he was denied his right to a speedy trial as a result of the dismissal and re-indictment. The trial court denied defendant's motion to dismiss on March 2, 2001.
R.C. 2945.73 mandates that if an accused is not brought to trial within the time requirements of R.C. 2945.71 and R.C. 2945.72, the accused shall be discharged. The prosecution must strictly comply with R.C. 2945.71 and 2945.73. State v. Reeser (1980), 63 Ohio St.2d 189, 191.
Pursuant to R.C. 2945.71(B)(2), a person charged with a first degree misdemeanor must be brought to trial within 90 days of arrest or service of summons. However, pursuant to R.C. 2945.71(D), where that person is charged with additional felonies and/or misdemeanors, all arising out of the same act or transaction, the time period may be extended. Specifically, pursuant to R.C. 2945.71(C)(2), a person charged with a felony must be brought to trial within 270 days of arrest or service of summons.
Here, in addition to the misdemeanor domestic violence charge, defendant was also charged with two counts of assault on a peace officer, one count of vandalism, one count of disrupting public service, and one count of felonious assault. Thus, defendant was required to be brought to trial within 270 days of his original indictment dated May 6, 2000, unless tolled for reasons permitted under the statute.
The original charge against defendant was brought on May 6, 2000. The charge was dismissed on June 1, 2000. Defendant was re-indicted on July 5, 2000. The period of time between indictments is not counted against the State. See State v. Broughton, supra. Thus, defendant was required to be brought to trial by March 6, 2001. Since defendant's trial began on February 21, 2001, his right to a speedy trial was not violated. Accordingly, we do not find that defendant's speedy trial rights concerning the domestic violence charge were violated in any way and the trial court did not err in denying his motion to dismiss.
Defendant's third assignment of error is overruled.
 IV. DEFENDANT WAS DENIED A FAIR TRIAL WHEN THE COURT ALLOWED A 911 TAPE TO BE OFFERED INTO EVIDENCE AND A MISDEMEANOR COMPLAINT FORM.
In his fourth assignment of error, defendant argues that the trial court erred in the admission of evidence. Specifically, defendant claims that two 911 tapes and a misdemeanor complaint form should not have been admitted. We disagree.
The admission or exclusion of evidence lies within the trial court's sound discretion and will not be overturned absent a finding of an abuse of discretion. State v. Jackson (April 20, 2000), Cuyahoga App. No. 76141, unreported. An abuse of discretion is defined as a decision that is unreasonable, arbitrary or unconscionable, rather than a mere error in judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
A trial court has wide latitude in controlling the scope of cross-examination. State v. Cobb (1991), 81 Ohio App.3d 179. Evid.R. 611(B) states that "Cross-examination shall be permitted on all relevant matters and matters affecting credibility." Evid.R. 616 provides that bias, prejudice, interest, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by extrinsic evidence. It is fundamental that the bias of a witness may be explored to test credibility. State v. Gavin (1977), 51 Ohio App.2d 49, 53.
Here, during cross-examination, Ms. Wilson stated that her seven-year-old daughter had planned, and was, spending the night at a neighbor's home on the night in question. The State then played two 911 recordings to impeach this testimony. The first recording contains the voice of a neighbor, Ms. Childers, who called 911 to report that she believed domestic violence was occurring at the victim's house. The second recording was the same voice calling 911 back to tell them that she had gone over to Ms. Wilson's house and had taken Ms. Wilson's seven-year-old daughter out of the home.
The trial court properly allowed the 911 tapes to be played. The purpose of the tapes was to impeach Ms. Wilson as to her statement that there was a pre-arranged sleep-over with her seven-year-old and the neighbor. Accordingly, the trial court did not err in admitting this evidence.
Next, with regard to the 911 call made by Ms. Wilson's daughter, defendant fails to support his challenge to the admission of this tape with specific references to portions of the record. It is the duty of the defendant, not this court, to demonstrate his assigned error through an argument that is supported by citations to legal authority and facts in the record. See App.R. 16(A)(7); State v. Watson (1998),126 Ohio App.3d 316, 321. Accordingly, this portion of defendant's fourth assignment of error is overruled.
Finally, defendant argues that the trial court erred when it allowed the misdemeanor complaint filed by the victim's daughter into evidence. Even if the complaint itself should not have been admitted into evidence, such error was harmless since other admissible evidence already established that Ms. Cocciolone called the police, told the officers that defendant had assaulted her mother, and had made a written statement to the same effect. State v. Woods (1988), 48 Ohio App.3d 1.
Defendant's fourth assignment of error is overruled.
 V. DEFENDANT WAS DENIED A FAIR TRIAL WHEN THE COURT ALLOWED TESTIMONY FROM ANTOINETTE RAVE.
In his fifth assignment of error, defendant asserts that he was denied a fair trial because the trial court allowed the State to elicit inadmissible evidence from Sgt. Antoinette Rave of the Cleveland Police Department. Specifically, Sgt. Rave testified over objection that:
Q: Okay. And what did you tell the prosecutor?
Mr. Mancino: Objection.
The Court: Overruled.
A: George Semenchuk assaulted Shirley Wilson.
(Tr. 398).
Statements offered to explain a police officer's conduct while investigating a crime are not hearsay. State v. Price (1992),80 Ohio App.3d 108, 110. As such, these statements are not offered for their truth, but as an explanation of the process of investigation. Statev. Braxton (1995), 102 Ohio App.3d 28, 49.
Here, Sgt. Rave testified that she is a detective in the domestic violence unit of the Cleveland Police Department. She testified that she interviewed Ms. Cocciolone and Ms. Wilson as part of her investigation into the incident that occurred on May 5, 2000. Sgt. Rave did not testify as to what either of these parties told her, only that she told the prosecutor that, based upon her investigation, defendant had assaulted Ms. Wilson. Because this statement was not offered for its truth, but merely to explain the investigative process, it is not hearsay and was properly admitted. State v. Braxton, supra.
Moreover, the trial court, to ensure that the defendant was not prejudiced by Sgt. Rave's statement, immediately made the following instruction to the jury:
 Right. I'm going to allow the answer, but I want to instruct the jury that you are not to take that as to the truth of the statement. In other words, not to interpret that as that George Semenchuk committed this offense based on what her statement is. She's just reporting to her coworker as to what her conclusion is, but you can't use that as a basis for finding, you know, any guilt in this case, this is just what she did.
(Tr. 399).
Accordingly, defendant's fifth assignment of error is overruled.
 VI. DEFENDANT WAS DENIED A FAIR TRIAL WHEN HE WAS IMPROPERLY QUESTIONED CONCERNING PRIOR CONVICTIONS AND DETAILS OF PRIOR CONVICTIONS.
In his sixth assignment of error, defendant argues that the trial court erroneously allowed him to be questioned about prior convictions. We agree, but find such error harmless.
Here, during cross-examination, the State questioned defendant about a conviction for failure to comply with the order of a police officer in January, 1996 and of a felony DUI conviction in August, 1998. Evidence that a defendant has committed other crimes, wrongs or acts independent of the offense for which he is on trial is not generally admissible to demonstrate that the defendant has a propensity for crime or that his character is in conformity with the other acts. State v. Mann (1985),19 Ohio St.3d 34.
Here, the details of the crimes for which defendant was convicted were inadmissible evidence because they were acts independent of the offense for which defendant was tried, and because the State had no purpose in inquiring about them other than to show that defendant had prior altercations with the police. Ibid.
The State urges that this evidence was admissible because defendant testified that on the night in question he cooperated with the police and was not drinking. The State claims that the prosecutor's reason for making the inquiries was to impeach the defendant by attacking his credibility. Pursuant to Evid. R. 609, evidence of past convictions may be admitted to impeach a defendant if the defendant takes the stand and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
The State's argument is not well-taken because the record shows that the defendant did not testify that on the evening in question he had acted in conformity with a pertinent character trait, such as being law-abiding or a non-drinker. Rather, the record shows that defendant only stated that he was trying to be cooperative with the police on thatevening and that he was not drinking on that evening. As a result, he did not open the door for the State to introduce impeaching evidence of defendant's prior convictions for failure to comply and felony DUI.
Although the State clearly overstepped the bounds of proper judicial inquiry in cross-examining the defendant, we are unable to agree that the error was materially prejudicial to the defendant. After a thorough review of the record, we have no doubt that the remaining, properly introduced evidence overwhelmingly establishes defendant's guilt. SeeDelaware v. Van Arsdall (1986), 475 U.S. 673, 681; State v. Williams
(1983), 6 Ohio St.3d 281. Because this error was harmless beyond a reasonable doubt, we find defendant's contention not to be well-taken.
Defendant's sixth assignment of error is overruled.
 VII. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT WOULD NOT PERMIT AN IN-CAMERA EXAMINATION OF THE REPORT.
In his seventh assignment of error, defendant argues that the trial court erred in disallowing an in-camera examination of a police report. We agree, but find such error harmless.
During Officer Fraticelli's cross-examination, counsel for defendant requested a copy of the report that she had made following the incident concerning her use of pepper spray upon the defendant. The trial court denied the request stating that police reports are not given to counsel "during the course of trial." (Tr. 268).
Portions of a police report that contain police observations and recollection of events are discoverable. State v. Jenkins (1984),15 Ohio St.3d 164, 225; State v. Taylor (Oct. 29, 1987), Cuyahoga App. No. 52892, unreported, at 8. Portions of a police report that recite matters beyond the witness' personal observations, such as notes regarding another witness' statement or the officer's investigative decisions and interpretations are privileged under Crim.R. 16(B)(2). Id. Where uncertainty exists, the court, on motion of the defendant, shall conduct an in-camera examination. Id.
Here, Officer Fraticelli testified that she used pepper spray on the defendant and that she made a report about the incident in accordance with the Cleveland police regulations. The State argues that the report was work product and privileged. Defendant argues that the report was a statement by a witness of observable facts and discoverable. Since there was uncertainty, the court should have conducted a hearing on the issue of disclosure. See Ibid. However, in light of the fact that Officer Fraticelli admitted using the pepper spray during her testimony, we find such error to be harmless. Error will not contribute to the defendant's conviction when the remaining, properly admitted evidence, standing alone, constitutes overwhelming proof of the defendant's guilt. State v.Williams (1988), 38 Ohio St.3d 346, 349-350. Here, there was significant other admissible evidence which was overwhelming proof that defendant committed the crimes of which he was found guilty.
Defendant's seventh assignment of error is overruled.
 VIII. DEFENDANT WAS DENIED A FAIR TRIAL BY REASON OF IMPROPER PROSECUTORIAL ARGUMENT.
In his eighth assignment of error, defendant contends that the prosecutor's statements in closing arguments were improper. We disagree.
The first statement at issue occurred when the prosecutor addressed the jury and stated, "[S]omebody trying to flick me in the face, that's an attempted assault." (Tr. 488). The prosecutor further stated, "And I asked him about his felony three failure to comply with police officers, I believe, back in 1996 or 1998. He didn't have a response to that." (Tr. 489-490). Finally, the prosecutor said, "Now the state is going to ask you to protect her and send a message to the defendant that he cannot get away with this type of behavior regardless of whether or not Ms. Wilson is going to come in and testify truthfully." (Tr. 498). Defendant objected to each of the three statements.
The test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. State v. Smith (1984),14 Ohio St.3d 13, 14. It must be clear beyond a reasonable doubt that, absent the prosecutor's comments, the jury would have found the defendant guilty. Id. at 15. In applying the test for prosecutorial misconduct, it must be recognized that the prosecution is entitled to some latitude in making its closing statement. State v. Maurer (1984), 15 Ohio St.3d 239. If we conclude, based on the entire record, that the prosecutor's improper comments were harmless beyond any reasonable doubt, then the conviction must be affirmed. State v. Zimmerman (1985), 18 Ohio St.3d 43,45.
In viewing the prosecutor's arguments in their entirety and in the context of the entire case, this court concludes that the prosecutor did not make arguments to the jury that warrant reversal of the proceedings below. We believe, beyond any reasonable doubt, that defendant would have been convicted in the absence of the prosecutor's remarks. Through the testimony of the numerous officers, the 911 tapes, and the photographs of Ms. Wilson's injuries, there was sufficient evidence presented at trial to support defendant's convictions. In light of this evidence, there is no reason to believe that defendant's substantial rights were materially prejudiced by the prosecutor's remarks.
Defendant's eighth assignment of error is overruled.
 IX. THE COURT MADE A PREJUDICIAL ERROR IN NOT FULLY INSTRUCTING THE JURY ON ALTERNATE THEORIES ON [SIC] CONVICTION.
In his ninth assignment of error, defendant argues that the trial court erred in not instructing the jury on alternate theories of conviction. Specifically, defendant claims that the jury should have been instructed to decide whether defendant "caused" or "attempted to cause" physical harm to the officers. We disagree.
R.C. 2903.13 states that "no person shall knowingly cause or attempt to cause physical harm to another." In Ohio, there is no legal distinction between "causing" or "attempting to cause" harm. If either of these actions occur, then the crime of assault has been committed. Accordingly, the trial court did not err in failing to instruct the jury that they must unanimously agree as to which form of the offense they were convicting on.
Defendant's ninth assignment of error is overruled.
 X. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION FOR JUDGMENT OF ACQUITTAL AS TO DOMESTIC VIOLENCE.
 XI. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED A MOTION FOR JUDGMENT OF ACQUITTAL AS TO ASSAULT ON A POLICE OFFICER.
 XII. DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT OVERRULED HIS MOTION FOR JUDGMENT OF ACQUITTAL AS TO THE OFFENSE OF DISRUPTING PUBLIC SERVICE.
In these assignments of error, defendant argues that the evidence was insufficient to support his convictions for domestic violence, assaulting a police officer and disrupting public service. We disagree.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution. Statev. Dennis (1997), 79 Ohio St.3d 421, 430.
An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
Defendant first argues that his conviction for domestic violence was not supported by sufficient evidence because the victim denied that defendant was the one who inflicted her injuries. We disagree.
To support a conviction for domestic violence the State must prove, beyond a reasonable doubt, that one knowingly caused or attempted to cause physical harm to a family or household member. R.C. 2919.25(A). The mere fact that the victim denies that the defendant caused the injuries is insufficient, by itself, to allow a court to enter a judgment of acquittal. See State v. Washington (May 3, 2001), Franklin App. No 0AP-1162, unreported; State v. Hermman (June 21, 1999), Stark App. No. 1998CA00344, unreported; State v. Walters (Dec. 11, 1998), Trumbull App. No. 97-T-0167, unreported. Rather, a jury acts within its purview in evaluating the credibility of the witness and assessing the facts in total. Ibid.
Here, Officer Fraticelli testified that she received a call that domestic violence was occurring at the defendant's house. Officer Fraticelli further testified that the victim's daughter answered the door of the house, visibly upset and crying, telling them that her mother needed their help because she had been assaulted by the defendant. Officer Fraticelli testified that the victim had fresh bruises on her face and was very uncooperative with the police. Specifically, Officer Fraticelli testified that the victim told the officers, "Fuck you, you can't prove anything." (Tr. 248). Officer Fraticelli's testimony was corroborated by Officer Tatum. The victim's daughter also completed a misdemeanor report that stated that defendant assaulted her mother. Finally, Ms. Wilson testified that a ninety-year-old woman and the police officers had given her the bruised eyes rather than the defendant. (Tr. 338-344).
When this evidence is viewed in the light most favorable to the State, a reasonable jury could find that defendant had caused the injuries to the victim. The jury could also find that the victim was uncooperative with the police at the scene because she was worried about the prosecution of her boyfriend. Finally, the jury could also find that the victim denied that the defendant was the cause of her injuries because she did not want him to go to jail.
After viewing this evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found the essential elements of domestic violence proven beyond a reasonable doubt. Defendant's arguments to the contrary must fail and the trial court properly denied his motion for judgment of acquittal.
Next, defendant argues there was no evidence presented that he assaulted the police officers while "in the performance of their official duties." We disagree.
R.C. 2903.13 defines the crime of assault and provides in pertinent part as follows:
 (A) No person shall knowingly cause or attempt to cause physical harm to another.
* * *
 (3) If the victim of the offense is a peace officer while in the performance of their official duties, assault is a felony of the fourth degree.
R.C. 2935.01, in turn, defines peace officer as follows:
 (B) "Peace Officer" includes: member of the organized police department of any municipal corporation.
Here, the officers were called to the defendant's house to investigate a call of domestic violence. The victim's daughter asked the officers to enter the home and help her mother. Clearly, the officers were in the performance of their official duties at the time they entered the home. Defendant's arguments to the contrary must fail.
Next, Officer Fraticelli testified that defendant shoved her into the wall as she tried to handcuff him. Officer Fraticelli testified that defendant grabbed her microphone and ripped her uniform as she tried to call for backup. Officer Fraticelli further testified that for the first time in her career she had to use pepper spray to subdue the defendant. Officer Tatum testified that he grabbed defendant in a bear hug after he shoved Officer Fraticelli and that defendant continually kicked him in the legs and shins and tried using head butts to get away. Officer Tatum testified that this was one of the worst struggles in his seven-year career. (Tr. 300). Officer Thomas Bowman testified that he was called in for backup. Officer Bowman testified that he saw the defendant struggling with Officer Tatum and kicking and flailing his limbs. Finally, Officer Jeffrey Ryan, who was also called in for backup, corroborated Officer Tatum's and Officer Bowman's testimony.
When viewed in the light most favorable to the State, the record contains sufficient evidence that the police were called to the house on a call of domestic violence and that defendant struggled with and assaulted the officers on numerous occasions. Accordingly, this Court concludes that any rational trier of fact could have found the essential elements of assaulting a police officer proven beyond a reasonable doubt and the trial court properly denied his motion for judgment of acquittal.
Finally, defendant argues there was no evidence presented that he disrupted public service. We disagree.
R.C. 2909.04 defines the offense of disrupting public service in pertinent part as follows:
 (A) No person, purposely by any means or knowingly by damaging or tampering with any property, shall do any of the following:
 (1) Interrupt or impair television, radio, telephone, telegraph, or other mass communications service; police, fire, or other public service communications;
* * *
 (3) Substantially impair the ability of law enforcement officers, firefighters, rescue personnel, or emergency medical services personnel to respond to an emergency or to protect and preserve any person or property from serious physical harm.
Here, Officer Fraticelli testified that defendant grabbed her microphone, thereby damaging the unit and ripping her uniform, as she tried to call for backup. Officer Tatum corroborated her testimony.
After viewing this evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found the essential elements of disrupting public service proven beyond a reasonable doubt. The record contains sufficient evidence that the defendant purposely impaired a police communication and impaired the ability of the police to respond to an emergency situation. Accordingly, the trial court properly denied his motion for judgment of acquittal.
These assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] The vandalism charge was dismissed by the trial court prior to trial.